UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUAN QUIROZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00255-TWP-KMB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

This matter is before the Court on Plaintiff Juan Quiroz's ("Mr. Quiroz") attorney's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("the Fee Petition") (Filing No. 26). On March 29, 2022, the Court reversed the Commissioner's decision and remanded the case back to the Social Security Administration for further proceedings (Filing No. 19). On June 29, 2022, the Court awarded attorneys' fees to Mr. Quiroz pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,221.27 (Filing No. 25). Upon remand and following additional proceedings, an Administrative Law Judge issued a favorable decision on December 15, 2022 (Filing No. 27-1). Mr. Quiroz was awarded past due benefits totaling $95,714.90 (Filing No. 27). Mr. Quiroz's counsel subsequently filed the Fee Petition and a supporting brief requesting an award of $23,928.73 (Filing No. 27 at 2). The Commissioner filed a response in opposition, (Filing No. 32), and counsel replied amending his request to $17,928.73, (Filing No. 33). For the following reasons, the Fee Petition is **granted.**

## I.     LEGAL STANDARD

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Even when an attorney's § 406(b) motion for fees is not opposed, the court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the claimant's counsel to show that the requested fees are reasonable. *See Caldwell v. Berryhill*, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

## II.     DISCUSSION

Mr. Quiroz's counsel, Chad Robertson ("Mr. Robertson"), seeks compensation for 18.2 hours of attorney time. Mr. Robertson seeks attorneys' fees totaling $17,928.73, equal to approximately nineteen percent of the past due benefits awarded to Mr. Quiroz, and equivalent to $985.10 per hour for the 18.2 hours of work that Mr. Robertson performed on his case before the

Court.[1]  Mr. Robertson notes for the Court that although EAJA fees were previously awarded, such fees were never received.  The EAJA fees were used by the Department of the Treasury to pay Mr. Quiroz's back child support.

In *Gisbrecht*, the United States Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).  Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past due benefits; (2) attorneys' fees are awarded from, not in addition to, the past due benefits; and (3) attorneys' fees cannot exceed 25% of the past-due benefits.  *Id.* at 795.  Here, Mr. Quiroz was awarded past due benefits, so an award of § 406(b) attorney's fees are appropriate.

The Commissioner asserts that, while § 406(b)(1)(A) allows attorneys' fees up to twenty-five percent of the past-due benefits, Mr. Robertson's requested effective rate of $1,314.00 per hour of work constitutes a windfall, and a downward adjustment would be appropriate, (Filing No. 32).  However, the Commissioner does not offer a proposed reasonable amount.  Instead, the Commissioner relies on case law to suggest hourly rates between $400.00 to $1,200.00 are reasonable.  *See Taylor v. Berryhill*, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (noting hourly rates of $400 to $600 reflect the "generally accepted range."); *see also Bradley L. v. Kijakazi*, No. 1:20-cv-323-JMS-TAB, 2021 WL 3931167 (S.D. Ind. Sept. 2, 2021) (awarding fees at an implied hourly rate of $1,200 per attorney-hour).

In this case, Mr. Robertson has amended his request to $17,928.73 for 18.2 hours of work. Dividing $17,928.73 (*i.e.*, the award counsel has requested under § 406(b)) divided by the 18.2

---

[1] The Court acknowledges the six percent reduction in sought attorneys' fees accounts for the $6,000.00 administrative fee that was already paid to counsel, totaling $23,928.73, twenty-five percent of the past due benefits awarded to Mr. Quiroz (Filing No. 33).

3

hours spent, the average hourly rate comes out to $985.10. This amount falls within the generally accepted range in the Seventh Circuit, and the Court finds the total to be reasonable.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's attorney's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Filing No. 26). The Court awards **$17,928.73** to Mr. Robertson in attorneys' fees. The Court **ORDERS** the Commissioner to pay the fees, from Juan Quiroz's past due benefits, directly to Mr. Robertson. Seeing that Mr. Robertson never received any EAJA fees, Mr. Robertson is not responsible for any refund to Juan Quiroz.

**SO ORDERED.**

Date: 10/5/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chad Alan Robertson
STEPHENSON DISABILITY SERVICES
charober33@yahoo.com

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Andrew Irvin Neltner
SOCIAL SECURITY ADMINISTRATION
andrew.neltner@ssa.gov

Brian J. Alesia
SOCIAL SECURITY ADMINISTRATION
brian.alesia@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov